# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# DIVISION AT DAYTON

DAVID BOYLE,

                Petitioner,     :     Case No. 3:19-cv-312

  - vs -                          District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
   Institution,

                                 :
                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by petitioner David Boyle to obtain relief from his conviction for six counts of rape in the Common Pleas Court of Greene County and his consequent sentence of forty years imprisonment. The case has been assigned to District Judge Thomas M. Rose and referred to the undersigned by virtue of General Order Day 13-01.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Petition avers that Boyle was sentenced on August 8, 2013 (ECF No. 1, PageID 1, ¶ 2(a)). He then appealed to the Ohio Court of Appeals for the Second District which affirmed his conviction and sentence. *State v. Boyle*, 2014-Ohio-1271 (2nd Dist. Mar. 28, 2014). Boyle did not

appeal to the Supreme Court of Ohio (Petition, ECF No. 1, 2, ¶ 9(g)). On January 24, 2018, Boyle filed a motion to dismiss the indictment on grounds of multiplicity. *Id.* at ¶ 11 which was denied. He claims to have subsequent matters pending in both the Green County Court of Common Pleas and the Second District Court of Appeals, but does not provide case numbers or any other description. *Id.* at ¶ 15, PageID 12.

# Analysis

28 U.S.C. § 2244(d), the habeas corpus statute of limitations, provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

According to his Petition, Boyle's convictions were affirmed in the Second District Court of Appeals on March 28, 2014. Under the Rules of the Ohio Supreme Court he had forty-five days from that date or until May 12, 2014, to file in that court. Since he did not do so, his conviction became final for purposes of § 2244(d) on May 12, 2014, and the statute began to run from that date, expiring May 13, 2015. According to his Petition, Boyle did nothing before that date to collaterally attack his conviction and thereby toll the statute of limitations. The statute thus expired May 13, 2015, and the Petition, filed October 1, 2019, is more than four years too late.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). This Report is subject to review by District Judge Rose. If Petitioner has any argument as to why the statute of limitations does not bar his Petition, he must raise it in any objections to this Report.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

3

therefore should not be permitted to proceed *in forma pauperis*.

October 1, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).