# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# DIVISION AT DAYTON

DAVID BOYLE,

        Petitioner,    :    Case No. 3:19-cv-312

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
    Institution,

             :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 3) to the Magistrate Judge's Report and Recommendations (ECF No. 2) recommending that the case be dismissed as barred by the statute of limitations. Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 4).

The Report noted that Boyle was sentenced on August 8, 2013 (Petition, ECF No. 1, PageID 1, ¶ 2(a)). While he appealed to the Second District Court of Appeals, he did not appeal further to the Supreme Court of Ohio, so his conviction became final on May 12, 2014, forty-five days after the court of appeals decision, reported at *State v. Boyle*, 2014-Ohio-1271 (2nd Dist. Mar. 28, 2014). The Report calculated that the statute of limitations began to run on that date and expired May 13, 2015. The Habeas Corpus Petition was not filed until October 1, 2019.

Under 28 U.S.C. § 2244(d), the statute of limitations can be tolled by properly filing a collateral attack on the conviction before the statute expires. The Petition, however, does not list

any collateral attacks on the judgment until Boyle's January 24, 2018, motion in the Greene County Court of Common Pleas to dismiss the indictment as multiplicitous (ECF No. 1, PageID 3, ¶ 11). Petitioner's only ground for relief pleads the same claim. *Id.* at PageID 5. On this basis the Report recommends dismissal.

In his Objections, Boyle writes:

> The Magistrate would be correct if Petitioner was [sic] challenging his 2014 appeal. He is not. Page 2, first paragraph:
>
> > "On January 24, 2018 Boyle filed a motion to dismiss the indictment on grounds of multiplicity."
>
> There lies the contradiction.
>
> Magistrate Merz failed to follow the litigation. Petitioner's judgment was rendered on March 19, 2018 from the court of common plea's [sic], see attached. Petitioner appealed to the second district court of appeals, which denied the appeal on August 17, 2018, see attached. Pursuant to Magistrate Merz's litany, Petitioner met the forty-five day timeframe to reach the Ohio Supreme Court which denied jurisdiction on November 7, 2018.
>
> Therefore, pursuant to [§] 2244(d)(1), Petitioner is not only "on-time," he is in fact "early."
>
> Magistrate Merz relies upon Petitioner's "finality," yet the statute requires only a "Judgment of a state court", see page two second full paragraph.

(ECF No. 3, PageID 33).

Boyle attaches the March 19, 2018, Judgment Entry of Greene County Judge Stephen Wolaver denying his motion to dismiss the indictment because his multiplicity claim was waived by his guilty plea, barred by *res judicata,* and untimely (Objections, ECF No. 3, PageID 35). He also attaches Judge Tucker's Opinion for the Second District, affirming Judge Wolaver on grounds of waiver by guilty plea and *res judicata* by failure to raise on direct appeal. *Id.* at PageID 36-40. Finally, he attaches the form Entry from the Supreme Court of Ohio declining jurisdiction over a

requested appeal. *Id.* at PageID 41. These latter two decisions are reported at *State v. Boyle*, 2018-Ohio-3284 (2nd Dist. Aug. 17, 2018), appellate jurisdiction declined, 154 Ohio St. 3d 1423 (2018). Thus Petitioner has accurately recited the history of his case since he filed the motion to dismiss the Indictment.

However, this subsequent history is irrelevant to the limitations issue because a collateral attack filed after the statute expires does not re-start the statute of limitations.

Federal courts have habeas corpus jurisdiction under 28 U.S.C. § 2254 to examine the constitutionality of judgments of conviction, i.e., the judgment on which a person is being held in custody. That judgment of conviction in this case, the basis on which the Warden holds Boyle in custody, is the 2013 judgment of conviction for Boyle's multiple rapes of his daughter. A collateral attack on that judgment will stop the statute of limitations from running, presuming that attack has been filed before the statute of limitations runs out. Here Judge Wolaver treated the motion to dismiss as a proper collateral attack and decided it on the merits by finding the claims were waived or untimely or barred by *res judicata*. He never modified the underlying conviction; in fact, he refused to do so. The Court of Appeals agreed with him and also did not modify the underlying judgment of conviction. The Ohio Supreme Court refused to consider the merits of the appeal at all.

Federal habeas courts do not sit as courts of appeals from state court decisions. In fact, the United States Supreme Court is the only federal court which can hear appeals from state courts decisions.

The Supreme Court has held that for a state prisoner who does not seek review in a State's highest court, the conviction becomes final on the last day when such review could have been sought. *Gonzalez v. Thaler*, 565 U.S. 134 (2012). This is consistent with the finding in the Report

3

that Boyle's conviction became final May 12, 2014.

Boyle argues that instead he is "early" because he filed within a year of the most recent Ohio Supreme Court decision in his case which happened on November 7, 2018. But that would be true only if the statute of limitations started all over again with his filing the motion to dismiss. It does not. If Boyle had been successful in getting his conviction reopened and he had been re-sentenced, the statute of limitations would run from finality of the new sentence. *Burton v. Stewart*, 549 U.S. 147 (2007); *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012); *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). But that did not happen here: Boyle is still in custody on the sentence imposed in August 2013.

Boyle argues that the statute requires only "a judgment of a state court." The statute in question, 28 U.S.C. § 2254(d)(1), speaks of a "person in custody pursuant to the judgment of a State court." Boyle is not in custody pursuant to Judge Wolaver's "Judgment Entry" of 2018 – that Judgment Entry refused to disturb the judgment entry of 2013. In the Ohio court system, the term "judgment entry" is used to describe the document that terminates a case in the trial court and makes it appealable to the intermediate level court of appeals, in this case the Second District. But to interpret the word "judgment" in § 2254(d)(1) to means anything an Ohio court labels a "judgment entry" would completely undermine the purpose of having a statute of limitations.

To illustrate that point, imagine a person in prison who seeks to have his indictment dismissed because the grand jury room is painted pink. Unlike Boyle's multiplicity claim, this claim would be utterly frivolous, but it would still be decided by a "judgment entry" that said just that. And any final judgment of a trial court in Ohio is appealable, so there would eventually be a court of appeals decision saying the motion was frivolous. If Boyle's interpretation of the statute were correct, the prisoner could then come to federal court with his "jury room pink" claim. And

4

if he lost, he could start over with a "jury room purple" claim.

Every statute should be interpreted to carry out its purpose. The purpose of a statute of limitations is to set a time limit on litigation so that, after the statute expires, there will not be additional litigation on the issues which have become final. In this case the statute of limitations expired May 13, 2015, and Boyle did not file his Petition until more than four years later.

**Conclusion**

Boyle's Objections are not well taken and should be overruled. It is therefore again recommended that the Petition be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 17, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on

appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).