# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# DIVISION AT DAYTON

DAVID BOYLE,

         Petitioner,    :    Case No. 3:19-cv-312

  - vs -                         District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
    Institution,

                                :
         Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 6) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 5) recommending that the case be dismissed as barred by the statute of limitations. Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 7).

Both the Report and Supplemental Repot in this case calculated that the Petition was untimely because it was filed more than four years after Boyle's conviction became final on May 12, 2014, when his time to appeal from the Second District Court of Appeals expired. In his first Objections, Boyle claimed he was not seeking relief from the original conviction, but from the trial court judgment denying modification of that judgment. The Supplemental Report found that the state court proceedings starting with Boyle's January 24, 2018, motion to dismiss the indictment were irrelevant because the did not start the statute of limitations over (Supplemental Report, ECF No. 5, PageID 49).

1

The Supplemental Report cites *Gonzalez v. Thaler*, 565 U.S. 134 (2012), for the proposition that, if a state prisoner does not appeal to the highest state court, his or her conviction becomes final on the last day when the prisoner could have sought review (ECF No. 5, PageID 49). Boyle disagrees with this reading of *Gonzalez* (ECF No. 6, PageID 55, relying on *Jimenez v. Quarterman*, 555 U.S. (2009)). In Gonzalez the Court held:

> We now make clear what we suggested in those cases: The text of §2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong--the "conclusion of direct review" and the "expiration of the time for seeking such review"-- relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"--when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"--when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

555 U.S. at 150. Boyle's case comes squarely within this language. He never sought certiorari review of his conviction, so his judgment of conviction became final when the time for pursuing direct appeal in the state courts expired.

Boyle argues

> In Ohio, there are three (3) ways to reach the court of appeals. One is from the judgement of the trial court affirming a previous judgment on collateral or post-conviction attack; two, is the judgment of conviction being fresh must file notice of appeal within thirty (30) days of the judgment; and three a motion for delayed appeal directly to the court of appeals.
>
> All three of these do not disturb, remand, or resentence a defendant, the first and second attacks the original judgment without modification and the third allows the court of appeals to exercise its discretion on hearing a new issue.

2

Just like *Jimenez*.

(Objections, ECF No. 6, PageID 55). Boyle claims that because Judge Wolaver allowed full briefing on the Motion to Dismiss "the trial court re-opened Petitioner's ability to litigate his claim although the court did not modify the 2103 [sic] judgment. Just like *Jimenez*." *Id.* at PageID 56.

As read by the Supreme Court in *Gonzalez*,

> The state court had permitted Jimenez to file an out-of-time direct appeal. We held that this "reset" the limitations period; Jimenez's judgment would now become final at "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that [out-of-time] appeal." *Id.,* at 120-121, 129 S. Ct. 681, 172 L. Ed. 2d 475.

But that is not what happened here. If an Ohio appellate court allowed a delayed direct appeal, that would re-set the statute of limitations because the judgment would not be final until the court of appeals decided the delayed appeal, and then the Supreme Court of Ohio decided any appeal from that judgment, and then the Supreme Court decided an appeal to it on a writ of certiorari or denied the writ. In such a case, the court of appeals would have "reopened" the judgment at least to the delayed appeal challenge. But Boyle did not seek or obtain a delayed direct appeal. Instead, his appeal was a matter of right from denial of the Motion to Dismiss. Whatever briefing Judge Wolaver allowed did not reopen the judgment, so this is not a case like *Jimenez* where the state appeals court allowed a delayed appeal.

Ohio Common Pleas courts are courts of general jurisdiction. Except for persons who have been adjudicated to be vexatious litigators, they do not close their clerk's doors to filings and once something is filed as a motion, they must dispose of it as the law requires and final judgments on those filings are appealable. But the appealability of an order denying a post-judgment motion in an Ohio criminal case does not reopen the federal statute of limitations.

3

**Conclusion**

Having again reconsidered the case in light of the most recent Objections, the Magistrate Judge adheres to his prior opinion that the Petition is barred by the statute of limitations. Boyle's Objections should therefore be overruled. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 29, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).